UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
DEVENDER BIRLA
A# 75-977-932

                                                     Plaintiff,                    COMPLAINT

      -against-                                          Docket No.

ANDREA QUARANTILLO,
Director,
United States Citizenship and Immigration Services
New York City District,

              Defendant.
-----------------------------------------------------x

        Plaintiff by his attorney WARREN S. HECHT, hereby alleges, as follows:

## JURISDICTION

1. This Court has jurisdiction pursuant to 5 U.S.C. Section 702 and 28 U.S.C. 1331 (federal subject matter jurisdiction ) since the action relates to Immigration and Nationality Act 8 U.S.C. 1101 et seq. and the regulations implementing it (Title 8 of the C.F.R.).

## VENUE

2. Venue of this action is proper in this District under 28 U.S.C. 1391 (e) (1) (2) since the Defendant maintains her office in this district and the Plaintiff's application for an adjustment of status was adjudicated in this district.

## PARTIES

3. The Plaintiff Devender Birla is a native of India. He was born on August 17, 1966. He is presently residing in Queens County.

4. The Plaintiff came to the United States on or about September 1, 1992 on a B-2 Visa.

5. On November 16, 2004, the Plaintiff filed for an Adjustment of Status under Section 245 of the Immigration and Naturalization Act based on an approved immigrant employment based petition. (Form I-485).

6. The Plaintiff's application for an adjustment for status was denied on November 9, 2006 since certain documents were not provided.

7. The Plaintiff made a motion to reopen on November 29, 2006.

8. The motion to reopen/reconsider was denied on October 12, 2007. The decision did not state it was a motion to reopen since it appears that the Defendant was incorrect in her prior determination since the Plaintiff had supplied the documents.

9. The Plaintiff filed a motion to reopen/appeal of the determination.

10. The motion was denied by a decision dated December 13, 2007.

11. The defendant in her capacity signed the above-mentioned decisions as Director.

12. The Defendant Andrea Quarantillo is the Director of the United States Citizenship and Immigration Services, New York City District ("CIS") and is being sued in her official capacity.

13. Ms. Quarantillo is the designee of the Secretary of Homeland Security for the New York City District, charged with the duty of administration and enforcement of all the functions, powers and duties of the CIS.

14. As of March 1, 2003, the functions of the INS were transferred to the CIS and the INS was abolished.

15. The transition and savings provisions of the Homeland Security Act, including sections 1512 (d) and 1517, provide that relating to the INS in statutes, regulations, directives or delegations of authority shall be deemed to refer to the appropriate official or component of CIS.

EXHAUSTION

16. The District Director has denied the Plaintiff his request for an Adjustment of Status.

17. The regulations, in particular 8 C.F.R. Section 245.2 (5) (ii), provides that there is no administrative appeal from a denial of an adjustment of status.

18. Therefore, the Plaintiff has exhausted all available administrative remedies.

FACTS

19. The Plaintiff Devender Birla is a native of India. He was born on August 17, 1966. He is presently residing in Queens County.

20. The Plaintiff came to the United States on or about September 1, 1992 on a B-2 Visa.

21. In February 1993 the Plaintiff met Violet A. Lindo.

22. The Plaintiff and Ms. Lindo had a son Brandon Phillip Birla who was born on March 18, 1995.

23. The Plaintiff, Ms. Lindo and their son lived together in New York until August 2002. Ms. Lindo then moved to Florida with their son and a daughter from another man. They moved to Florida because they wanted a tranquil living environment.

24. The Plaintiff has been unable to join his family in Florida because of his trying to obtain permanent residency.

25. The Plaintiff since he has resided in the United States, has been employed as a teacher in martial arts, a personal trainer and a taxi cab driver.

26. On January 6, 1997, the Plaintiff was arrested and charged with Sexual Abuse in the First Degree, New York State Penal Law Section 130.65, a D Felony.

27. A Grand Jury never indicted the Plaintiff. The case remained in Criminal Court.

28. On November 25, 1997, the Plaintiff pled guilty to a reduced charge of Penal Law Section 130.55 (Sexual Abuse in the Third Degree) an B Misdemeanor and received a Conditional Discharge and was subject to an Order of Protection for one year.

29. As of January 6, 1997, the Plaintiff had a valid work authorization.

30. The Plaintiff after January 6, 1997 was allowed to continue to have a valid work authorization.

31. CIS renewed the work authorizations.

32. After November 1997, the Plaintiff obtained an approved immigrant visa employment-based petition.

33. The January 6, 1997 arrest was the only time that the Plaintiff had been arrested.

34. The November 25, 1997 conviction is the Plaintiff's only conviction.

35. The Plaintiff's application for an adjustment for status was denied on November 9, 2006 because certain documents were not provided.

36. The Plaintiff made a motion to reopen on November 29, 2006.

37. The motion to reopen/reconsider was denied on October 12, 2007. The decision did not state it was a motion to reopen. It appears that it was not considered a motion to reopen since the agency was incorrect in its initial denial since the documents had been provided.

38. The reason given for the denial on October 12, 2007 was the heinous nature of the crime for which the Plaintiff was charged with and the one for which he pled guilty. According to the decision, the Plaintiff was charged with a crime of moral turpitude.

39. The motion to reopen or reconsider was denied on December 13, 2007.

40. In the December 13, 2007 decision the defendant admitted that the Plaintiff was not convicted of a crime of moral turpitude.

41. In the decision the defendant also mentioned that any claim that the Plaintiff committed a crime of moral turpitude was not the basis for the denial.

42. According to the decision there is no requirement for the Service to issue a request for evidence as to the applicant's positive qualities in that a regulation cannot dictate the outcome of a discretionary application.

43. The decision noted that in any event the Plaintiff failed to address "how the positive equities would outweigh the negative aspects of the heinous nature of the crime which the applicant was convicted. To wit: Section 130.55 Sexual Abuse in the 3rd Degree. Which at the time of the arrest, the applicant was an adult male age 32 years of age subjecting another person to sexual contact without the person able to give consent due to being less than seventeen years of age and more than fourteen years of age. The Motion to Reopen failed to address the nature of the crime and the age of the victim of the crime."

44. Penal Law Section 130.55 states: A person is guilty of sexual abuse in the third degree when he or she subjects another person to sexual contact without the latter's consent: except that in any prosecution under this section, it is an <u>affirmative defense</u> that (a) such other person's consent was due solely to incapacity to consent by reason of being less than seventeen

years old, and (b) such other person was more than fourteen years old, and (c) the defendant was less than five years older than such other person. (Emphasis Added).

## CLAIMS FOR RELIEF

### COUNT ONE

45. The Plaintiff's allegations contained in paragraphs 1 through 44 are repeated and realleged as though fully set forth herein.

46. The Defendant by its not relying on the initial arrest charges as a basis for denying the application to reopen/reconsider is abandoning this ground as a basis for a denial.

47. The defendant in denying the application stated that the applicant was an adult male age 32 years of age subjecting another person to sexual contact without the person able to give consent due to being less than seventeen years of age and more than fourteen years of age.

48. According to the defendant these are the elements of the crime under Section 130.55 of the Penal Law.

49. The defendant indicated that the plaintiff failed to address the age of the victim of the crime.

50. Sexual Abuse in the third degree requires sexual conduct without the latter's consent.

51. The age of the complainant is only relevant as to an affirmative defense available to the defendant.

52. The age of the complainant is not an element of the crime.

53. Thus, the defendant wrongly determined that based upon the conviction that the complainant was between fourteen and seventeen years old and denied the Plaintiff's application

on that basis.

54.  Said determination was in violation of the Immigration and Naturalization Act and its regulations and the Administrative Procedure Act.

### COUNT TWO

55. The Plaintiff's allegations contained in paragraphs 1 through 54 are repeated and realleged as though fully set forth herein.

56. Defendant's denial of the Plaintiff's application based upon its interpretation of PL Section 130.55 that the complainant was between fourteen and seventeen years old is arbitrary and capricious, has no basis in fact and is invalid as a matter of law.

### COUNT THREE

57.  The Plaintiff's allegations contained in paragraphs 1 through 56 are repeated and realleged as though fully set forth herein.

58. Defendant's denial of the Plaintiff's application based upon its interpretation of PL Section 130.55 that the complainant was between fourteen and seventeen years old. is incorrect as a matter of law.

### COUNT FOUR

59.  The Plaintiff's allegations contained in paragraphs 1 through 58 are repeated and realleged as though fully set forth herein.

60. Defendant's denial of the Plaintiff's application solely based upon its incorrect interpretation of PL Section 130.55 that the complainant was between fourteen and seventeen years old violated the Plaintiff's right to meaningful review of the application.

PRAYER FOR RELIEF

1. Issue an Order determining that the Decision of the Defendant denying the Application adjustment of status was incorrect as a matter of law and ordering the Defendant to grant the adjustment or

2. Ordering the Defendant to reconsider the application to reopen.

3. Grant any other and further relief as the Court may deem just and proper.

Dated: January 3, 2008                                              Respectfully submitted,

                                                                       WARREN S. HECHT (WSH5897)  
                                                                       Attorney for the Plaintiff  
                                                                       118-21 Queens Boulevard  
                                                                       Forest Hills, New York 11375  
                                                                       (718) 575-8721