

# WARREN S. HECHT
### Attorney at Law
118-21 Queens Boulevard, Suite 518
Forest Hills, New York 11375
Tel. (718) 575-8721
Fax (718) 793-3076

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: APR 2 8 2008
```

April 25, 2008

By Fax 212-805-6304
Hon. Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street, Room 735
New York, NY 10007

        Re: Birla v. Quarantillo
        08 CV 00232

Dear Judge Crotty:

    The above-mentioned matter was commenced on January 11, 2008. FRCP Rule 5M allows service of the complaint up to 120 days. To date the plaintiff has not served the defendant for the reasons stated below. The plaintiff requests that the Court extend the time for service or dismiss the complaint without prejudice to refile after the defendant determines the motion to reopen.

    This was an action brought against the Director of USCIS because she denied the plaintiff's request for an adjustment of status. The plaintiff on November 16, 2004 made an application for an adjustment of status. At the time of said application the certificate of disposition had listed the plaintiff as having been arrested on January 6, 1997. Furthermore, the certificate indicated that on November 25, 1997 the plaintiff pled guilty to a violation of Penal Law Section 130.55 and received a sentence of a conditional discharge and an order of protection.

    On October 12, 2007, the defendant denied the claim in reliance on the fact that the plaintiff was arrested and charged with a D felony and having pled to a conditional discharge.

    The plaintiff then made a motion to reopen which was denied on December 13, 2007. I was then retained to bring this action. In order to prepare the complaint I went to the Criminal Court to review the record. I was informed that the record was not in the courthouse but that they would order it. I was also told that according to the Computer on March 8, 2007, almost ten years after the sentence, the case was dismissed and sealed. The plaintiff was unaware of this information. The Clerk had no other information and it was thought that the file could shed light on what happened. Since there was short time to file the complaint and absent documentation, I filed the complaint based on what had been presented to the USCIS and did not include

**MEMO ENDORSED**

information concerning the 2007 dismissal.

      About three months later I received a letter from the Court that no public record could be found. They could not find the file.

      After obtaining authorization and a copy of the certificate of disposition dated April 17, 2008, I contacted the Court Reporters. I was informed that a review of the Judge's schedule for March 8, 2007 listed the case and the disposition. They were going to try to obtain a copy of the minutes.

      The 120th day is May 10, 2008. There is a good chance that the information will not be supplied in a timely manner to give the plaintiff the chance to amend the complaint within said time and serve said complaint.

      In the alternative, since this information was not provided to the agency, the agency may claim that the plaintiff did not exhaust his remedies by not presenting this information to said agency. Thus, the plaintiff should make a motion to reopen in reliance upon this newly discovered information. The plaintiff, however, does not want to lose his right to object to the October 2007 and December 2007 denials. Thus, the plaintiff would request in the alternative that the Court dismiss the case with right to reopen after the agency determines the motion to reopen based on this new information.

      For the Court's convenience I am attaching a copy of the certificate of disposition showing a plea to PL Section 130.55 and the second indicating a dismissal and sealing, and the two decisions by the defendant.

      Thank you for your consideration.

**MEMO ENDORSED**

Very truly yours,

*[signature]*

Warren S. Hecht

*The time for service or to voluntarily dismiss the Complaint is extended to July 10, 2008.*

SO ORDERED: 4/28/08

*[signature]*

HON. PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS

CERTIFICATE OF DISPOSITION
NUMBER: 38000

THE PEOPLE OF THE STATE OF NEW YORK
VS

DEVENDER, BIRLA
Defendant

08/17/1965
Date of Birth

118 80 METROPOLITIA
Address

8483793Z
NYSID Number

BKLYN           NY
City           State   Zip

01/06/1997
Date of Arrest/Issue

Docket Number: 97Q000749

Summons No:

130.65
Arraignment Charges

Case Disposition Information:

| Date | Court Action | Judge | Part |
|---|---|---|---|
| 11/25/1997 | PLED GUILTY & SENTENCE IMPOSED PG 130.55 CONDITIONAL DISCHARGE=1Y ORDER OF PROTECTION=1Y | KNOPF, S | JP1 |

NO FEE CERTIFICATION

_ GOVERNMENT AGENCY       _ COUNSEL ASSIGNED

_ NO RECORD OF ATTORNEY READILY AVAILABLE. DEFENDANT STATES COUNSEL WAS ASSIG[NED]

SOURCE   _ ACCUSATORY INSTRUMENT   _ DOCKET BOOK/CRIMS   _ CRC3030[CRS963]

**SEALED AFTER CONVICTION** pursuant to Section 160.55 of the CPL

I HEREBY CERTIFY THAT THIS IS A TRUE EXCERPT OF THE RECORD ON FILE IN THIS COURT.

DIOUF, B  [signature]
COURT OFFICIAL SIGNATURE AND SEAL

09/22/2005
DATE          FEE: NONE

(CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL OVER THE SIGNATURE OF THE COURT OFFICIAL.)

```
CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS                              CERTIFICATE OF DISPOSITION
                                                  NUMBER:    79948
THE PEOPLE OF THE STATE OF NEW   YORK
                   VS

DEVENDER,BIRLA                                    08/17/1965
Defendant                                     Date of Birth

130-35 176TH PLACE                                8483793Z
Address                                       NYSID Number

JAMAICA                NY                         01/06/1997
City               State     Zip              Date of Arrest/Issue

Docket Number: 97Q000749                      Summons No:

130.60 130.65
Arraignment Charges


Case Disposition Information:

    Date          Court Action                Judge                Part
 03/08/2007    DISMISSED AND SEALED           LOPEZ,G              JP1




       I HEREBY CERTIFY THAT THIS IS A TRUE EXCERPT OF THE RECORD ON FILE IN
THIS COURT.
BLAIR,L  Linda Blair                          04/17/2008
COURT OFFICIAL SIGNATURE AND SEAL                 DATE        FEE: 10.00

(CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT
         SEAL OVER THE SIGNATURE OF THE COURT OFFICIAL.)
```

U.S. Department of Homeland Security
26 Federal Plaza, Section 245
New York, NY 10278



**U.S. Citizenship
and Immigration
Services**

December 13, 2007

Law Offices of N. M. Gehi, P.C.
128-21 Queens Blvd, Suite 411
Forest Hills, NY 11375
Attention: Mr. Naresh Gehi,
Attorney-At-Law

<u>RE: BIRLA, Devender/File No. A# 75 977 932</u>

Dear Mr. Gehi,

This is in response to your Appeal filed on November 13, 2007, relating to the decision rendered in the adjustment of status case of your client, Birla, Devender. Please be advised that a denial on an application for adjustment of status may not be appealed. As such, the appeal will be treated as a Motion to Reopen and Reconsider. A photocopy is enclosed for your immediate reference.

The motion will be dismissed for the following reasons:

Section 103.5 of Title 8 of the Code of Federal Regulations states, in pertinent part:
   (a) *Motions to reopen or reconsider...*
        (2) *Requirements for motion to reopen.* A motion to reopen must state the new facts to be proved in the reopened proceeding and be supported by affidavits or other documentary evidence...
        (3) *Requirements for motion to reconsider.* A motion to reconsider must state the reasons for reconsideration and be supported by any pertinent precedent decisions to establish that the decision was based on an incorrect application of law or Service Policy. A motion to reconsider a decision on an application or petition must, when filed, also establish that the decision was incorrect based on the evidence of record at the time of the initial decision.

Service records indicate that your application for Adjustment of Status was denied as a matter of discretion. The Motion to Reopen (here on after will be referred to as a MTR)

states that the CIS officer denied the case incorrectly on the ground that the applicant was charged with a Crime Involving Moral Turpitude. A review of the denial reveals that the Service did not denied the Adjustment of statues application based on a ground of inadmissibility involving a Crime Involving Moral Turpitude. The only reference the denial makes to such a crime is when the denial states the history on how the applicant came to be convicted of the New York Penal Law of 130.55 to wit: Sexual Abuse in the 3rd Degree. The denial stated "That the evidence of the record revealed that on or about January 06, 1997 you were arrested and charged with 130.65 under the Penal Law of the State of New York, Sexual Abuse in the 1st Degree, which is considered a Crime Involving Moral Turpitude (CIMT)". The denial then further stated "On November 25, 1997 you pled guilty to the charge of 130.55, Sexual Abuse, 3rd Degree." The denial did not stated that the applicant was convicted of a Crime Involving Moral Turpitude. Contrary to what the MTR stated, the denial did correctly state that the applicant was convicted of Sexual Abuse, in the 3rd degree under New York Penal Law of 130.55.

The MTR goes on to state that the decision erred to appreciate that in exercising the power to deny, the officer should have issued an RFE to see whether there are any favorable factors including hardship issues, length of residence in the United States which may offset the negative factors of the case. The MTR further states that there are many favorable factors which prove beyond reasonable doubt that the applicant has continued to maintain good moral character, has been a great asset to the community and he also has a U.S. Citizen child who is 13 years old and is in desperate need of his father's love and affection during these formative years of his life. The Service is required to take into consideration the favorable equities as well as the negative equities when exercising the power to deny based on discretion. No where in Section 8 of the Code of Regulations does it state that the Service is required to issue a Request for Evidence for an applicant to provide evidence of the applicant's positive equities when deciding whether or not to deny an application for adjustment based on discretion, as regulation cannot dictate the outcome of a discretionary application. The adjudicating officer, after reviewing the record of proceeding, concluded that the applicant did not shown that he deserved a favorable exercise of discretion and stated so in the decision based on discretion.

The MTR failed to demonstrate though evidence that denial of the adjustment of status application warrants reopening in that the MTR failed to address how the positive equities would out weight the negative aspects of the heinous nature of the crime which the applicant was convicted. To wit: Section 130.55, Sexual Abuse in the 3rd degree. Which, at the time of arrest, the applicant was an adult male age 32 years of age subjecting another person to sexual contact without that person being able to give consent due being less than seventeen years of age and more than fourteen years of age. The MTR failed to address the nature of the crime and the age of the victim of the crime. The MTR only states that the applicant is extremely remorseful for his past crime.

After careful consideration of the Motion to Reconsider, it has been determined that it offers no evidence sufficient to warrant a reversal of the decision rendered by this Service on December 12, 2007.

CC: Devender Birla
    165-90 Baisley Road
    Jamaica, NY 11434

Sincerely,

Andrea Quarantillo,
Director of Citizenship
and Immigration Services



**U.S. Department of Homeland Security**

United States Citizenship
and Immigration Services
26 Federal Plaza, Room 4-130
DAO Whitbeck

October 12, 2007

Devender Birla
165-90 Baisley Road
Jamaica, NY 11434

Re: A75 977 932 / Application to Adjust Status
**DECISION**

On November 16, 2004, you filed an application for Adjustment of Status under section 245 of the Immigration and Naturalization Act, as amended (the Act), based on an approved immigrant visa employment-based petition. That application is denied for the following reasons:

Section 245 of the Act states, in pertinent part:

> (a) The status of an alien who was inspected and admitted or paroled into the United States may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if
> (1) the alien makes an application for adjustment,
> (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and
> (3) an immigrant visa is immediately available to him at the time the application is filed.

It has been established that adjustment of status is an act of administrative grace—an extraordinary benefit that should be granted only in truly meritorious cases. See Matter of Marques, 16 I&N Dec., 314 (BIA 1977). Further, it has held that mere eligibility for adjustment of status does not entitle any alien to such relief. Jarecha v. INS, 417 F.2d 220 (5th Cir. 1969); Matter of Tanahan, 18 I&N Dec., 339 (Regional Commissioner 1981)

The evidence of record indicates that on or about January 06, 1997 you were arrested and charged with 130.65 under the Penal Law of the State of New York, Sexual Abuse in the 1st Degree, which is considered a D-felony and a Crime Involving Moral Turpitude (CIMT). On November 25, 1997 you pled guilty to the charge of 130.55, Sexual Abuse, 3rd Degree. You were sentenced to Conditional Discharge, 1 year; Order of Protection, 1 year and payment of a surcharge.

In view of the heinous nature of the crimes that you were charged with and which you pled guilty to, it has been determined by the Service that you have not established eligibility for adjustment of status in that you have not shown that you deserve a favorable exercise of discretion, the very basis for adjustment of status. Consequently, your application to adjust status is hereby denied as a Matter of Discretion.

Any Employment Authorization issued to you based on the filing of your Application to Adjust Status is hereby terminated.

You may be eligible to receive a grant of voluntary departure from the United States. If you wish to request voluntary departure, you must take this notice and go to your local office of the Immigration and Naturalization Service to make that request.

A request for voluntary departure must be made in writing and must be accompanied by your original passport or other travel documentation sufficient to assure your lawful entry into the country to which you intend to depart. If that request is approved, you must also agree to all terms and conditions of the voluntary departure. If that request is approved and you fail to meet the terms and conditions set forth, you will become subject to a civil penalty of not less that $1,000 and not more than $5,000. Failure to meet the terms and conditions will also result in your being ineligible for any further relief from removal from the United States.

Sincerely,

Andrea J. Quarantillo
District Director
Department of Homeland Security
Citizenship and Immigration Services
New York District
SVW